IN THE UNITED DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

FELICIA B. HENDRICKS,

   PLAINTIFF,

V.

WARDEN McDONNELL, AND
THE DEPARTMENT OF
CORRECTIONS,
   RESPONDENTS,

CIVIL ACTION

CASE NO # 2:05cv714-F

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, EQUAL PROTECTION OF THE LAW, AND DISMISSAL FROM EMPLOYMENT WITHOUT JUST CAUSE.

Comes now the plaintiff Felicia S. Hendricks, and she shows that the named respondents violated her civil rights, equal protection of the law and dismissed her from her job as a correctional officer for the Alabama Department of Corrections without just cause in violation of her civil rights under the Civil Rights Act of 1964, in violation of her equal protection gurantees under the U.S. Constitution, and in violation of her equal protection rights under Article 1, Section 6, of the Alabama Constitution of 1901.

1.

Plaintiff further shows her due process rights pursuant to the U.S. Const. were, pursuant to the Const. of Alabama 1901, violated when the Plaintiff was fired from her job without just cause by the Respondent, as grounds in support of the complaints of the Plaintiff, Plaintiff shows the following:

## JURISDICTION

Plaintiff shows recovery for damages she now seeks are cognizable under 42 U.S.C. Section 1983, and this cause is properly before the Court of lawful jurisdiction Rule 3 F.R.Cv.P., wherein a civil action is filed with the Court wherein the action complained of originated, therefore this Honorable Court has Jurisdiction in this cause.

## ARGUEMENT

Plaintiff Felicia S. Hendricks, shows she was an employee of the Alabama Department of Corrections. Following a confrontation with two fellow female correctional officers in the parking lot area of the Kilby Corrections Facility located in Mt. Meigs, Alabama, and upon the issue of a pocket knife belonging to the Plaintiff, being displayed in defense of bodily harm and injury from the two fellow female correctional officers, she was fired from her job as a correctional at Kilby Correctional Facility. In violation of her Civil Rights, Equal Protection of the Law, and her Due Process of Law

2

Gurantees of the U.S. Const. and under violation of those same Rights under Article 1, section 6, of the Alabama Const. of 1901

Plaintiff shows all of the Rights complained to have been violated not only under her Civil Rights and Constitutional Rights Gurantees, but under the Alabama Department of Corrections on Procedures established under Admin. Reg. #207 in that Section Two (2) Subsection (B) which govern Responsibilities of D.O.C. Personnel states:

Subsection (B) Supervisors are responsible for providing positive leadership and setting a good example additionally <u>they must provide advice</u> and <u>assistance</u> to employee's and treat <u>all employee's</u> in a <u>fair</u> and <u>equitable</u> manner

Plaintiff shows that most if not <u>all male officers</u> carry some kind of <u>pin</u> or <u>small knives in their possession while inside the institution</u> to cut strings down used by inmates to hang their laundry or a privacy type cloth on their bonks. Male officers also carry these same type knives for opening boxes or packages open when they are received into the Institution for purposes of seeking out contraband or to seek out anything that would create a threat to the security of the Institution, the inmates housed under their authority or to themselves.

Plaintiff, a female, kept such a small pocket knife in her possession was not found as permissive as the male officers she was fired for this reason. The Plaintiff supervisors, superiors and A.D.O.C. officials failed to treat her in

3

IN FAIR AND EQUITABLE MANNER IN THIS MATTER A DEEMED MANDATORY BY SECTION TWO (2), SUBSECTION (B) OF ADMIN. REG. #207 FOR THIS REASON, PLAINTIFF WAS DENIED HER DUE PROCESS RIGHTS TO HAVE FAIR AND IMPARTIAL DECISION MAKERS INVESTIGATE HER INCIDENT IN THE PARKING LOT OF THE KILBY CORRECTIONS FACILITY WHERE SHE WAS EMPLOYEED.

PLAINTIFF EXPRESSES THIS DUE TO THE FACT SHE WAS NOT TREATED FAIRLY IN THAT OFFICERS FOUND IN POSSESSION OF SUCH KNIVES ARE NOT DISCIPLINED FOR THIS FACT YET PLAINTIFF WAS FIRED.

PLAINTIFF REQUEST THAT THIS HONORABLE COURT TAKE JUDICAL NOTICE THAT SEVERAL INCIDENTS OCCUR IN FACILITIES WHERE OFFICERS ARE PLACED AS PUNISHMENT TO WORK IN TOWERS OR TRANSFERED TO ANOTHER FACILITY.

PLAINTIFF SHOWS FURTHER, THESE ACTIONS VIOLATED HER EQUAL PROTECTION RIGHTS UNDER THE STATED SECTIONS IN THAT SHE IS PART OF A PARTICULAR CLASS WHOSE CONDUCT MUST BE EVENLY AND DISPOPORTIONATELY VIEWED AND ASSESSED AS TO DISCIPLINE, AND TO PUNISH A FEMALE OFFICER FOR POSSESSION OF AN OBJECT POSSESSED BY MOST IF NOT ALL CORRECTIONAL OFFICERS WHO SUFFER NO DISCIPLINE OR PUNISHMENT, CLEARLY SHOWS A DISPARITY OR FAVORTISIM TO A PORTION OF THE CLASS SHE IS A PART OF AND AS SUCH CLEARLY VIOLATES HER PROTECTION TO BE TREATED EQUALLY AND FAIRLY THUS COMES A CLEAR DENIAL OF EQUAL PROTECTION

FURTHER, IT IS CLEARLY SHOWN BY ADMIN. REG. #207 SECTION THREE (3) (C) (9) THAT THERE ARE NO PROHIBITATIONS OF A POCKET KNIFE FROM THE POSSESSION OF A.D.O.C. EMPLOYEES.

This Section States:

No Employee Shall:

Carry any Firearms, Tear Gas, Ammunition, or Black Jack in Institution except as maybe authorized by the Warden

This section Does Not Prohibit a Pocket Knife as a Pocket Knife is not expressed in this section nor does the section Imply that "any other article" other than is stated Requires any special permission from the Warden or His Designee to Have in the Employee's Possession while at work at his or her job. It certainley does not imply that any of the articles listed in the section are prohibited from possession of an Employee Male or Female Outside the Institution.

As such the Plaintiff's Civil Rights were violated for being signaled out as a Female in Possession of a Pocket Knife on State Property while all others male and female officers are allowed to possess Firearms, Ammunition, Tear Gas, and Black Jacks in their personal possession and inside their vehicles.

Plaintiff shows at best, her conduct fell into Group I Discipline Status of Admin. Reg. #208 which governs discipline for D.O.C. Personnel, Plaintiff shows at best she is guilty of Section Three (3)(B)(2)(E) of Admin. Reg. #208 that states:

(E): Participation in Unauthorized Activity of a Minor Nature at the Work Place and/or Improper use of Duty Time.

Plaintiff shows her conduct did not fall within a scope of conduct that warranted a termination of her job.

5

Plaintiff shows that she did not have any repeat abuse of Group I or Group II offenses that would carry termination for repeat Group I or Group II conduct violations carrying termination as a last resort.

See Sims v Clover, 84 F.Supp.2d. 1273 U.S.C.A. Const. Amend 14 M.D. Ala. 1999. To state claim that equal protection rights were violated, claimant must allege that she is similarly situated with individuals who were treated differently than she and that differential treatment was discriminatorily based on claimant's membership in constitutionally protected class, such as race, religion, or national origin.

Plaintiff shows her overall conduct would have to be in Group IV of Admin. Reg. #208 for her to be terminated on a "first offense" violation and that the respondents abused their authority in terminating her and thus violated her due process rights by placing her in the improper group category for reprimand and disciplinary punishment.

Wherefore, premises considered, Plaintiff demands judgement as follows:

A) Reinstatement of her job.
B) Payment for all lost wages
C) All restoration of sick time and holidays.

6

STATE OF ALABAMA )
MONTGOMERY COUNTY )

I HEREBY DECLARE THAT THE CONTENTS OF MY COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OF THE FACTS AS THEY ARE KNOWN TO ME.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS THE _____ DAY OF _____ 2005.

_____          _____
NOTARY PUBLIC                                          PLAINTIFF


_____
MY COMMISSION EXPIRES

7

## Conclusion

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THIS HONORABLE COURT TO AWARD HER THE RELIEF SOUGHT IN HER COMPLAINT.

ON THIS THE 11 DAY OF July 2005

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 11 DAY OF July 2005

_____
NOTARY PUBLIC, AL ST. AT LARGE

MY COMMISSION EXPIRES 3/18/07

Felicia S. Hendricks
5113 Loblolly Pine Dr.  P.O. Box 251554
Montgomery, AL 36117  (334) 288-2429
36125  (334) 546-3071

PLAINTIFF

## Certificate of Service

I HEREBY DECLARE THAT I HAVE ON THIS DATE CAUSE A COPY OF THE FOREGOING DOCUMENT TO BE SERVED UPON THE OFFICE OF THE CLERK FOR THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA BY PLACING COPIES OF THE SAME IN THE U.S. MAIL POSTAGE PREPAID.

ON THIS THE 1st DAY OF August 2005

HON. THOMAS C. CAVER CLERK OF THE COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101

Felicia S. Hendricks
PLAINTIFF
P.O. Box 251554
5113 Loblolly Pine Dr.
Montgomery, AL 36117 36125
(334) 288-2429
(334) 546-3071

8

Warden Terrance McDonnell
P.O. Box 150
Mt. Meigs, Al 36057


The Depantment of Corrections
P.O. Box 301
Montgomery, Al 36130