IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELICIA S. HENDRICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05CV-714-F |
| | ) |
| WARDEN McDONNELL AND | ) |
| ALABAMA DEPARTMENT | ) |
| OF CORRECTIONS, et. al.; | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S WARDEN McDONNELL AND THE ALABAMA DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS AND ANSWER TO THE COMPLAINT

Comes now Warden McDonnell and the Alabama Department of Corrections (hereinafter referred to as "McDonnell" and "ADOC" respectively), Defendants, and file this Motion to Dismiss the Complaint as follows:

That Plaintiff's claims fail to state a cause of action upon which relief can be granted.

McDonnell and the ADOC would contend that the complaint is not maintainable under Title VII unless and until the Plaintiff demonstrates satisfaction of each and all of the prerequisites to suit under such Act.

That the complaint is not maintainable as to any event or alleged event occurring more than 180 days prior to filing of the EEOC charge or charges on which the Complaint is based.

That the complaint is not maintainable under Title VII against any person or entity not named as a respondent in the EEOC charge or charges on which the complaints are based.

That no punitive damages are allowable against a governmental entity, or its agents under

Title VII, as amended and is limited to the monetary caps provided by Title VII.

That the Plaintiff is not entitled to claim compensatory or punitive damages under Title VII as he has asserted a cause of action under 28 U.S.C.§ § 1331.

That the allegations of the complaint are not maintainable against Defendant McDonnell, as there is no contractual relationship between this Defendant and the Plaintiff.

That the complaint fails to state a claim under Title VII, 42 U.S.C. § 2000e and/or 42 U.S.C. §1983.

That McDonnell and the ADOC are entitled to Eleventh Amendment Immunity.

That McDonnell and other agents of the ADOC are entitled to qualified immunity for those claims in their individual capacity.

That McDonnell and the ADOC Defendants are entitled to Article I, § 14 immunity of the Alabama Constitution.

That there is no respondeat superior liability under these causes of action.

That the complaint fails to state a cause of action upon which relief can be granted.

McDonnell and the ADOC would assert the Mt. Healthy defense.

McDonnell and the ADOC Defendants assert the general defense.

McDonnell and the ADOC Defendants allege that the Plaintiff has not properly filed a complaint alleging a violation of Title VII, the Civil Rights Act of 1964, purported state claims, and/or § 1983.

McDonnell and the ADOC reserve the right to amend their defenses, including affirmative defenses, upon the receipt of information obtained through discovery or otherwise.

McDonnell and the ADOC would contend that the Plaintiff failed to meet the requirements under Title VII, and therefore cannot maintain a cause of action under Title VII.

That Plaintiff's claim of retaliation fails to state a cause of action upon which relief can be granted.

That Plaintiff's claim of retaliation is insufficient to support a claim under Title VII, 42 U.S.C. § 1983, the Civil Rights Act of 1964, and/or any and all purported state claims.

McDonnell and the ADOC allege that the claims of the Plaintiff are barred due to the Plaintiff failure to file under the ADOC's grievance procedures and/or appeals therefrom prior to initiation of this law suit.

McDonnell and the ADOC allege that the Plaintiff has failed to exhaust her administrative remedies for all purported claims under Title VII, the Civil Rights Act of 1964, 42 U.S.C. Section 1983, and/or all purported state claims.

### Answer

Comes now McDonnell and the ADOC and files their answer to the Complaint as follows:

1. McDonnell and the ADOC would deny these first, unnumbered paragraphs of pages one(1) and two (2) of the Complaint and demand strict proof thereof.

### Jursidiction

1. McDonnell and the ADOC would allege that this paragraph requires neither admission nor a denial. McDonnell and the ADOC would assert that this Honorable Court only has jurisdiction if the Plaintiff has met the prerequisites of § 1983, Title VII, the Civil Rights Act of 1964, and any purported state claims

## "Arguement"

2. McDonnell and the ADOC would deny and and all of the paragraphs entitled "Arguement" and demand the strict proof thereof.

3. McDonnell and the ADOC would admit only to the paragraphs under the title "Arguement" that the Plaintiff was an employee of ADOC who was disciplined for using or attempting to use a deadly weapon, a knife, on co-employee, and demand the strict proof thereof of all remaining allegations. McDonnell and the ADOC would further show that this matter was investigated by the ADOC Investigation and Intelligence Division and as a result of this and other information, proceedings were conducted pursuant to ADOC regulations which ended in the Plaintiff's termination. ( see attached Exhibit "A").

4. . McDonnell and the ADOC would deny that the Plaintiff is entitled to any damages, injunction, attorney fees or any other relief in this case.

## AFFIRMATIVE DEFENSES

That Plaintiff's claims fail to state a cause of action upon which relief can be granted.

McDonnell and the ADOC would contend that the complaint is not maintainable under Title VII unless and until the Plaintiff demonstrates satisfaction of each and all of the prerequisites to suit under such Act.

That the complaint is not maintainable as to any event or alleged event occurring more than 180 days prior to filing of the EEOC charge or charges on which the Complaint is based.

That the complaint is not maintainable under Title VII against any person or entity not named as a respondent in the EEOC charge or charges on which the complaints are based.

That no punitive damages are allowable against a governmental entity, or its agents under

Title VII, as amended and is limited to the monetary caps provided by Title VII.

That the Plaintiff is not entitled to claim compensatory or punitive damages under Title VII as she has asserted a cause of action under 28 U.S.C.§ § 1331.

That the allegations of the complaint are not maintainable against Defendant McDonnell, as there is no contractual relationship between this Defendant and the Plaintiff.

That the complaint fails to state a claim under Title VII, 42 U.S.C. § 2000e and/or 42 U.S.C. §1983.

That McDonnell and the ADOC are entitled to Eleventh Amendment Immunity.

That McDonnell and other agents of the ADOC are entitled to qualified immunity for those claims in their individual capacity.

That McDonnell and the ADOC Defendants are entitled to Article I, § 14 immunity of the Alabama Constitution.

That there is no respondeat superior liability under these causes of action.

That the complaint fails to state a cause of action upon which relief can be granted.

McDonnell and the ADOC would assert the Mt. Healthy defense.

McDonnell and the ADOC Defendants assert the general defense.

McDonnell and the ADOC Defendants allege that the Plaintiff has not properly filed a complaint alleging a violation of Title VII, the Civil Rights Act of 1964, purported state claims, and/or § 1983.

McDonnell and the ADOC reserve the right to amend their defenses, including affirmative defenses, upon the receipt of information obtained through discovery or otherwise.

McDonnell and the ADOC would contend that the Plaintiff failed to meet the requirements under Title VII, and therefore cannot maintain a cause of action under Title VII.

That Plaintiff's claim of retaliation fails to state a cause of action upon which relief can be granted.

That Plaintiff's claim of retaliation is insufficient to support a claim under Title VII, 42 U.S.C. § 1983, the Civil Rights Act of 1964, and/or any and all purported state claims.

McDonnell and the ADOC allege that the claims of the Plaintiff are barred due to the Plaintiff failure to file under the ADOC's grievance procedures prior to initiation of this law suit.

McDonnell and the ADOC allege that the Plaintiff has failed to exhaust her administrative remedies for all purported claims under Title VII, the Civil Rights Act of 1964, 42 U.S.C. Section 1983, and/or all purported state claims.

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

Greg Biggs (BIG004)
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
101 South Union Street
P. O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3889

## CERTIFICATE OF SERVICE

I herey certify that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system on this the 22nd Day of August, 2005.

I further hereby certify that I have served a copy of the foregoing upon:

Felicia S. Hendricks, Plaintiff
P.O. Box 251154
Montgomery, Alabama 36125

by placing the same in first class mail, postage pre-paid on August 22, 2005.

Greg Biggs (BIG004)
Assistant General Counsel
Assistant Attorney General

not named as a respondent in the EEOC charge or charges on which the complaints are based.

       That no punitive damages are allowable against a governmental entity, or its agents under