IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELICIA S. HENDRICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:05-cv-714-F |
| ) | |
| WARDEN MCDONNELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  BACKGROUND**

The pro se plaintiff, Felicia S. Hendricks ("Hendricks"), brings this action alleging violations of her civil rights secured by the Equal Protection and Due Process Clauses of the Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §1983. Specifically, she alleges that she was discriminated against on the basis of her gender when she was subjected to differential treatment and terminated from her employment.  The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

On August 22, 2005, the defendant filed a motion to dismiss (doc. # 6), alleging that Hendricks' claims "are not maintainable under Title VII" because she has failed to satisfy the prerequisites to filing suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").  (Doc. # 6.)  On September 20, 2005, the court heard oral argument on the defendant's motion to dismiss.

## II. DISCUSSION

The defendant asserts that the complaint should be dismissed because Hendricks failed to file a charge with the Equal Employment Opportunity Commission ("EEOC"). It is clear that Hendricks' Equal Protection and Due Process claims are brought pursuant to 42 U.S.C. § 1983, not Title VII. Although a plaintiff filing a Title VII action is required to exhaust her administrative remedies, it is well settled law that there is no requirement that a plaintiff exhaust administrative remedies with the EEOC prior to filing a § 1983 action in federal court. *See Holley v. Seminole County School Dist.*, 755 F.2d 1492, 1501 (11th Cir. 1985) (holding that a plaintiff suing under § 1983 need not exhaust administrative remedies prior to bringing a First Amendment claim in federal court). Consequently, the defendant's motion to dismiss on the basis of exhaustion of remedies is due to be denied.

Nonetheless, the plaintiff conceded at oral argument that she did not file a charge of discrimination with the EEOC. Consequently, to the extent the plaintiff seeks to proceed under Title VII, the court concludes that no Title VII claims should be permitted to go forward because the plaintiff has failed to satisfy the prerequisites of Title VII.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1.     That to the extent that the plaintiff raises Title VII claims, those claims be DISMISSED;

2.     That, in all other aspects, the defendant's motion to dismiss be DENIED;

3.     That the plaintiff's Equal Protection and Due Process claims against the

defendant be referred back to the undersigned for appropriate proceedings.

Additionally, it is ORDERED that:

The parties shall file any objections to this Recommendation on or before **October 5, 2005**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 21st day of September, 2005.

　　　　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE