IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

FELICIA S. HENDRICKS
PLANTIFF,

V.                                              CIVIL ACTION NO. 2:05-cv-714-F

WARDEN MCDONNELL, ET.AL.,
DEFENDANDTS

## MOTION TO AMEND COMPLAINT FOR VIOLATION OF EQUAL PROTECTION OF THE LAW, VIOLATION OF CIVIL RIGHTS AND DUE PROCESS OF LAW.

Comes now Felicia S. Hendricks, the Plaintiff and she moves this honorable court to amend her above-style complaint to add the following arguments of law.

1) Plaintiff shows she was dismissed from her job in and arbitrary and capricious manner in violation of her civil rights under the civil rights act of 1964. Plaintiff brought her action under this claim pursuit to 42 U.S.C SECTION 1983.

   Plaintiff will show that she was deprived of her rights as a female, to be treated the same as a male Correctional Officer in that at the Kilby Correctional Facility located Mt. Meigs, Alabama, both female and male officers have been involved in altercations with fellow correctional personel without even the slightest reprimand.

   Plaintiff shows in her amended complaint and in the original complaint, that male and female correctional officers are allowed to carry a pocket knife or box cutter type knives in the line of their duties.

   Plaintiff shows under West Digest, Civil Rights, Key number 1004, that section 1983 is designed to DETER STATE ACTORS from using the badge of their authority to deprive individuals of their federally guaranteed rights, and to provide relief to victims if such deterrence fails. 42 U.S.C. 1983 Greffey V. State of Alabama Dept. of Corrections 996 F.SUPP. 1368.

   Conduct on part of Government officials which results in disparate treatment towards members of particular race must be subjected to the most rigid scrutiny. Henderson V. Macon County, Alabama 319 F.SUPP. 430 Disparate Treatment is defined as; The practice, ESP. In employment, of Intentionally Dealing With Person Differently, Because of their Race, Sex, National origin, age, or disability, to succeed on a disparate treatment claim, the plaintiff must prove that the defendant (s) acted with discriminatory intent or motive.

Plaintiff shows this claim of her civil rights being violated is meritorious upon its face. At the very moment this document is drawn male. Correctional Officers have in their personal possession, a pocketknife or a box cutter type knife in the performance of their duties. These Knives are used to open incentive packages, cut clothes lies off the bunks of inmates who string them in violation of institutional rules, to cut open inmate writing boards mad from cardboard to search for contraband, to open Christmas and other packages coming into the institution to seek out contraband and other objects that may threaten the security of other inmates and correctional personal. The Civil Rights act is to be afforded a liberal Construction in order to carry out purpose of congress to eliminate in inconvience, unfairness and humiliation of racial discrimination. Civil Rights Act of 1964 section 201 ET SEQ <u>U.S. V. Johnson Lake</u> Inc. 312 F. SUPP. 1376 For the States Reasons, Plaintiffs rights pursuant to the Civil Rights Act of 1964 were clearly violated in this cause and this court is to now order that her job be returned, and that all other relief sought by her be granted.

2) Plaintiff shows in her Amended complaint that she has been denied equal protection of the law in violation of her 14th Amendment Right under the United States Constitution, and violation of Article 1, section 6, of Alabama Constitution of 1901.

Plaintiff shows that as a female, she was treated different than the male officers at the Kilby Correctional facility located in Mt. Meigs, Alabama.

Plaintiff shows she was dismissed from her job for having in her possession (personal vehicle), a pocketknife. This pocketknife is not forbidden under admin. Reg #208 and does not require any special permission from the warden or his designee to possess.

Plaintiff shows at the very drawing of this document, male correctional officers have in their possession, A pocket knife, Plaintiff shows there has been open altercations between male officers at the institution which she was employed and these times male officers possessed pocket knives, further, no disciplinary action is or was taken against these officers by the Warden or Captain or any other shift supervisors.

For this same type conduct, Plaintiff was dismissed from her job.

The Equal Protection clause guarantee under the 14th Amendment Requires <u>The State</u> to give <u>Similarly Situated Persons Equal Treatment</u>

Plaintiff shows that the mere fact that male correctional officers are allowed to carry pocketknives based upon "All Men" usually do. Is no defense to claim of equal protection of a pocketknife? Const. Amend. 14, Article1, Sec. 6 Ala. Const. 1901.

Under West Digest, Constitutional Law Key 224 (3) Employees have constitutional right to be free from unlawful sex discrimination and sexual harassment in public employment U.S.C.A Const. Amend 14. <u>Cross V. State of Alabama Department of Mental Health and Mental Retardation</u> 49 F.3d 1490, Rehearing 59 F.35. 1248

Plaintiff shows that the actions of the defendants clearly create a sex-based hostile work environment where the defendants acted with discrimination purpose or intent. U.S.C.A. Const. Amend. 14; 42 U.S.C.A. sec 1983; Taylor V. Alabama 95 F. SUPP. 2d. 1297

For good cause shown, Plaintiff, as a female, was clearly removed from her job in violation of equal protection of the law and as a female was removed where male officers are allowed to conduct themselves in the very same manner without threat of disciplinary action or removal from their job.

Wherefore, premises considered, plaintiff moves this honorable court for permission to amend her complaint, and prays this honorable court to accept the same.

Respectfully Submitted

On this the _4th_ day of _October_ 2005

_____
Plaintiff

CERIFICATE OF SERVICE

Plaintiff declares that she has on this date cause a copy of the foregoing document to be served upon the U.S. District Court for the Middle District of Alabama by placing copies of the same in the U.S. Mail postage prepaid by me.

On this the _____4th_____ Day of _____October_____ 2005

_____
Plaintiff

United States District Court
For the Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101