IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELICIA S. HENDRICKS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION NO. |
| ) | 2:05-CV-714-F |
| ) | |
| ) | |
| WARDEN MCDONNELL, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND

Come now the Defendants, by and through their undersigned counsel and files their response to the Plaintiff's Motion for to Amend by stating the following:

1. On or about August 3, 2005, the Defendants were served a copy of the Plaintiff's Complaint.

2. On or about August 22, 2005, the Defendants filed their Motion to Dismiss and Answer to the Plaintiff's Complaint (Doc. No. 6).

3. On September 22, 2005, this Honorable Court held a status and scheduling conference where it granted, in part, the Defendant's Motion to Dismiss.

4. On October 5, 2005, the Plaintiff filed Motion to Amend original Complaint (Doc. No. 14).

5. In response to the Plaintiff's Motion to Amend, the Defendants would respectfully request that it be denied and show cause in support of its denial as follows:

a. The purported amendment restates facts that are already in the original Complaint and does not amend the pleadings. The Plaintiff merely restates her allegations concluding that she was dismissed from her position as a corrections officer in violation of her constitutional rights under 42 U.S.C. Section 1983.

b. The purported amendment attempts to raise claims under the Civil Rights Act of 1964 (Title VII), but she is precluded from doing so, as the Plaintiff has failed to meet the requirements under Title VII.

c. The purported amendment restates her original claims that are based upon a theory that male correction officers are allowed to possess " a pocket knife" and thus, she claims that her dismissal is a denial of equal protection. The Plaintiff inaccurately states that her dismissal is based solely upon possession of a knife but actually, the dismissal is based upon the attempted use of a knife on another corrections officer during a fight in the prison's parking lot. [See attachments to Defendants' Answer and Motion To Dismiss (Doc. No. 6).

d. The purported amendment admittedly suggests that there is no denial of equal protection by stating, " male and female correctional officers are allowed to carry a pocket knife or box cutter type knives….."

e. The purported amendment and original Complaint fail to plead that any Defendant had a discriminatory motive or purpose. " In order to establish a violation of the Equal Protection Clause, appellees must prove discriminatory motive or purpose." <u>Whitling v. Jackson State University, 616 F. 2d 116, 122 (5th Cir. 1980).</u> " When <u>section 1983</u> is used as a parallel remedy for violation of section 703 of TitleVII [ <u>42 U.S.C. Section 2000e-2],</u> the elements of the two causes of action are the same." <u>Hardin v. Stynchcomb, 691 F. 2d1364, 1369 n. 16 (11th Cir. 1982) (citing Whiting, 616 F. 2d at 123).</u>

6. "<u>Fed. R.Civ. P. 15(a)</u> provides the district court with extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed. 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure Civil 2d Section 1486,</u> at 604 (1990) as quoted in <u>Hargett v. Valley Federal Sav. Bank, 60 F.3d 754, 761( 11th Cir.1995).</u> The Court further stated,

"In absence of any **apparent or declared reason**—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.' ".

7. The apparent or declared reasons listed above by the Defendants are adequate reasons to deny the Plaintiff's Motion to Amend.

WHEREFORE THE ABOVE PREMISES CONSIDERED, the Defendants respectfully request that this Honorable Court deny the Plaintiff's Motion to Amend.

Respectfully submitted,

KIM T. THOMAS
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


/s/GREG BIGGS (BIGG4063)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL 36130
334-353-3885

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 25th of October 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the foregoing via United States Mail properly addressed, postage prepaid first class to:

Felicia S. Hendricks
P.O. Box 251554 and
5113 Loblolly Pine Drive
Montgomery, AL. 36125

/s/ Greg Biggs (BIGG4063)
Assistant Attorney General
Assistant General Counsel