IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELICIA S. HENDRICKS, | ) |
| Plaintiff, | ) |
| vs. | ) 2:05-CV-714-F |
| WARREN MCDONNELL, et al., | ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendants, by and through their undersigned counsel, and files their response to PLAINTIFF'S RESPONSE IN OPPOSITION TO DFENDANTS'MOTION FOR SUMMARY JUDGMENT as follows:

1. Under McDonald Douglas, the plaintiff may be able to establishes a prima facie case of gender discrimination under Title VII or 42 U.S.C. § 1983 by showing: (1) she is a female; (2) she was subjected to adverse job action; (3) her employer treated similarly situated male employees outside her classification more favorably; and (4) she was qualified to do the job. McDonald Douglas Corp., 411 U.S. at 802, 93 S.Ct. at 1824, 36 L.Ed. 2d at 677; Coutu v. Martin Cty. Bd. Of Cty. Commissioners, 47 F. 3d 1068,1073 (11th Cir. 1995); Turnes v. AmSouth Bank, N.A., 36 F. 3d 1057, 1060 (11th Cir. 1994); Harris v. Shelby County Bd. of Educ., 99 F.3d 1078, 1082-83 (11th Cir. 1996) (citing Busby v. City of Orlando, 931 F.2d 764, 777 (11th Cir. 1991)).

### No Evidence of Similarly Situated Male Employees

2.  As part of the plaintiff's prima facie case, the plaintiff must show that her employer treated similarly situated male employees outside her classification more favorably than herself. Coutu v. Martin Cty. Bd. of Cty. Commissioners, 47 F. 3d 1068, 1073 (11th Cir. 1995). In other words, the plaintiff must show that the defendants treated males who attempted to use a deadly weapon against another correction officer while on the property of the Alabama Department of Corrections more favorably by taking a less harsh disciplinary measure that is short of termination. However, to make a comparison of the plaintiff's treatment to that of male employees, the plaintiff must show that she and the male employees are similarly situated in all relevant respects. Smith v. Stratus Computer, Inc., 40 F. 3d 11, 17 (1st Cir. 1994); Mitchell v. Toledo Hospital, 964 F. 2d 577, 583 (6th Cir. 1992); Smith v. Monsanto Chemical Co., 770 F. 2d 719, 723 (8th Cir.1985), cert. denied, 475 U.S. 1050, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986). In determining whether male employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct were disciplined in different ways. Williams v. Ford Motor Co., 14 F. 3d 1305, 1309 (8th Cir. 1994). The plaintiff must produce sufficient affirmative evidence to establish that male employees with whom she compares her treatment were similarly situated in all respects or that their conduct was of comparable seriousness to the conduct for which she was discharged. See Hollifield v. Reno, 115 F. 3d 1555, 1562 (11th Cir. 1997). In the present case, the plaintiff has failed to establish a prima facie case in that she has failed to establish that there are similarly situated male employees who were treated differently. All of the

alleged "similar situations" alluded to in the plaintiff's response fail in one respect or another.

3. In review of the "situations" suggested by the plaintiff as similar in nature, the "Browning" incident involved "highly televised charges" but did not occur at any correctional facility or involve the use of any deadly weapon (p. 25, ll. 2-5 deposition of Hendricks). The "Miller" and "McMann" altercation involved two (2) males but only involved a verbal exchange of words (p. 26, ll. 1-9 deposition of Hendricks). The "Davis" and "Dumas" altercation involved two (2) female officers who purportedly got into a fight on the grounds of Kilby Correctional Facility (pp. 26-27 deposition of Hendricks). However, Defendant McDonnell recalls it did not involve the use or attempted use of a deadly weapon (Id. p. 74, l. 12-14). The "Redic" and "Scott" exchange involved two (2) males but again it only involved word exchange without any deadly weapon (Id. p. 33, ll. 1-13). The alleged event involving "Willie Lawrence" involved a purported physical altercation with his wife after his wife had an involvement with a fellow employee at the sheriff's department (Id. p. 35, ll. 4-10) It was not shown where this supposed event happened, and it definitely was not shown to happen on the property of the Alabama Department of Corrections (Id. ll. 16-18). Another supposed situation was an alleged altercation between "Bernard Cain" and his girlfriend (Id. p. 36 ll. 8-16). Again, it is not shown where this event occurred as well (Id. ll. 17-20) The only occasion that might arguably be said to be somewhat similarly situated is the purported altercation suggested by the Plaintiff where "Jimmy Glenn" and a "Potterfied" were involved in altercation where a knife may have been used (Id. p. 42. ll.19-22). However, just as with the incident mentioned above, it is not based

upon personal knowledge of the Plaintiff and is speculative. The "Caldwell" and "Holmes" incident involved two (2) female corrections officers who purportedly got into a fight and a handheld radio possibly was used (p. 34, deposition of Hendricks). There is no evidence that it occurred on the Alabama Department of Correction's property (p. 34, deposition of Hendricks).

4. More importantly, all of the plaintiff's evidence of this and the other situations are speculative at best. In sum, she presented no first hand knowledge of this purported incident or any of the outlined incidents (Id. p. 34, ll. 1-20). "The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment" Macuba v. Deboer, 293 F. 3d 1316, 1322 (11th Cir. 1999) (quoting Garside v. Osco Drug, Inc. 895 F. 2d 46, 50 (1st Cir. 1990)) (citing cases from six circuits). "Rule 56 (e) of the Federal Rules of Civil Procedure requires 'affidavits' that support or oppose summary judgment motions shall be made on personal knowledge. [And] shall set forth such facts as would be admissible in evidence" (Id.). "This rule also applies to testimony given on deposition" (Id.).

5. To survive a motion for summary judgment, the plaintiff must do more than what she has attempted to do for this Court. All of the alleged "similar situations" alluded to in the plaintiff's response fail in one respect or another and do not come close being similar to the situation that the plaintiff caused at Kilby Correctional Facility. A plaintiff who fails to show that a comparator is actually similarly situated fails to demonstrate a *prima facie* case. Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1186-87 (11th Cir.1984). The plaintiff has not presented a prima facie case of gender discrimination, and the defendants' should be granted judgment as a matter of

law.

## Failure to Produce Evidence of Pretext

6. Additionally, the establishment of a prima-facie case does not in itself entitle a plaintiff to survive a motion for summary judgment. Grigsby v. Reynolds Metals Co., 821 F.2d 590, 595 (11th Cir.1987); Pace v. Southern Ry. System, 701 F.2d 1383, 1389 (11th Cir.1983). After the defendants proffer nondiscriminatory reasons for their actions, "[i]n order to avoid summary judgment, a plaintiff must produce sufficient evidence for a reasonable fact finder to conclude that each of the [defendants'] proffered nondiscriminatory reasons is pretextual." Chapman, 229 F.3d at 1037. Simply put and restating the obvious, the plaintiff was discharged for attempting to use a deadly weapon on another officer at the prison, and there is not a hint of any other motive or intent of a defendant. Plaintiff has failed to produce direct evidence that any of the Defendants were motivated by any unlawful intent. Direct evidence of discrimination is evidence that, if believed, would establish that the employer's decision was based upon discriminatory intent without inference or presumption. E.E.O.C. v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir.2000) (quoting Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1330 (11th Cir. 1998)).

7. The plaintiff's "attempt" to provide any evidence of pretext is simply nonexistent, and thus falls short of what is required to survive summary judgment. Plaintiff has failed to produce evidence that would support an inference that the reasons articulated by Defendant McDonnell for the decision not to discharge the plaintiff were pretext for unlawful discrimination. "[C]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where an

employer has offered extensive evidence of legitimate, non-discriminatory reasons for its actions." Carter v. City of Miami, 870 F.2d 578, 585 (11th Cir.1989) (internal quotation marks omitted). The Plaintiff has failed to produce sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of proffered reason. See Patterns, 106 F.3d 1519, 1529 (11th Cir. 1997), *cert. denied*, 118 S. Ct. 685 (1998).

Plaintiff has failed to prove that the defendants' explanation for the decision to discharge the plaintiff is "unworthy of credence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147 (2000).

WHEREFORE THE ABOVE PREMISES CONSIDERED, the Defendants respectfully request that his Honorable Court grant the Defendants judgment as a matter of law.

Respectfully submitted,

KIM T. THOMAS (THO115)
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


/s/ GREG BIGGS (BIG004)
GREG M. BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL


**ADDRESS OF COUNSEL**
Alabama Dept. of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, AL  36130

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of July, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that I served a copy of the foregoing document on:

**A.WESLEY PITTERS, P.C.**
**Attorney for the Plaintiff**
**1145 South Perry Street**
**P.O.Box 1973**
**Montgomery, AL 36102-1973**

by placing a copy of the same in the United States Mail, First Class postage prepaid and properly addressed.

/s/GREG BIGGS (BIG004)
GREG BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL