# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

FELICIA S. HENDRICKS,

      Plaintiff,

vs.

WARDEN McDONNELL; STATE OF
ALABAMA DEPARTMENT OF
CORRECTIONS,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

**CASE NO.: 2:05-CV-714-WKW**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Plaintiffs Felicia S. Hendricks, by and through undersigned counsel, and move this Honorable Court to deny the defendants' motion for summary judgment. In support thereof, plaintiff shows the court as follows:

### I. INTRODUCTION

The plaintiff initially filed this lawsuit pro se, alleging deprivations of rights secured by the Constitution and laws of the United States of America. More specifically, the plaintiff alleges that the actions of the defendants in terminating her employment with the State of Alabama Department of Corrections violated her rights, secured and guaranteed to her by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, as enforced by Title 42 U.S.C. § 1983. The plaintiff, an African-American female, alleges that she was discriminated against on the basis of her gender when she was subjected to differential treatment and terminated from her employment. The plaintiff seeks an award of

reasonable attorney fees, costs and expenses incurred in the prosecution of this cause, pursuant to and in accordance with the provisions of Title 42 U.S.C. § 1988. The plaintiff has properly invoked the jurisdiction of the court pursuant to 28 U.S.C. §§ 1331, 1337(a), 1343 and 42 U.S.C. § 2000e-5(f)(3). Personal jurisdiction and venue are uncontested.

## II.    ALLEGATIONS OF FACT

At all times material hereto, Plaintiff Felicia T. Hendricks was a Correctional Officer I with Defendant Alabama Department of Corrections, (hereinafter referred to as ADOC). *Hendricks Depo. p. 8-9; 11).* The plaintiff was assigned to Kilby Correctional Facility, (herein after referred to as Kilby). *Id.* On or about February 10, 2005, a verbal altercation occurred between the plaintiff and a co-employee, Correctional Officer Latoya Nelson in the parking lot of Kilby. The altercation did not occur within the line and scope of the plaintiff's employment with ADOC. In fact, it occurred after hours, i.e. after she her shift ended. The plaintiff had clocked out and was on her way home. (Plaintiff's depo. 160-162). Another correctional officer, Likenya Colbert, intervened in the ongoing dispute between the plaintiff and Nelson, got aggresive with the plaintiff as if she were going to fight the plaintiff, whereupon the plaintiff retrieved a pocket knife from her vehicle in self-defense. (*Hendricks' Depo.*89; 93). For her actions, the plaintiff was terminated. *See , Plaintiff's Exhibit C.* She alleges that she was not treated fairly regarding her termination and that she was denied equal protection and due process. (*Hendricks'Depo.* p. 60-62). The underlying facts regarding the occurrence that forms the basis of the plaintiff's termination, specifically what occurred in the parking lot of Kilby Correctional Facility of the night of February 10, 2005 is virtually undisputed. Indeed, what is in dispute is whether the plaintiff's punishment was too severe and whether she was subjected a more severe disciplinary

2

treatment that that afforded similarly situated employees of ADOC. The plaintiff testified in deposition that for her actions she deserved some form of punishment, but not dismissal. (*Hendricks'Depo*. p. 89; 93-94). The plaintiff contends that she was treated differently from other employees, specifically employees who engaged in similar misconduct but who were not subjected to the harsh disciplinary action of dismissal. (*Hendricks' Depo. p. 21-43; 53-54; 90). See also, Defendants' Exhibits 14 and 15 to Hendricks' Deposition, attached hereto as Plaintiff's Exhibits A & B.* Employees such as Lt. Eddie Browning was arrested and charged with sexual harassment resulting in his being transferred from one correctional facility to another; Sgt. John Crow assaulted his wife and was arrested and charged with domestic violence in Montgomery Municipal Court and he was not subjected to any disciplinary action; there was an altercation involving Sgt. William Miller and Correctional Officer Kenneth McMann's wife, and the disciplinary action taken was a transfer; Sgt. Patricia Davis and Correctional Officer Johnnie Dumas had a physical altercation for which the disciplinary action imposed was a transfer; Correctional Officers Johnny Glen and Albert Potterfield were involved in a fight where a knife was used in the receiving unit at Kilby, no termination was taken; Correctional Officers Willie Lawrence, Bernard McClain and Charles Caldwell were charged with domestic violence and they were not subjected to dismissal. (*Hendricks Depo*. 24-43; *Plaintiff's Exhibit B*).

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment is *only* appropriate if it is shown "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Rule 56©), *Fed R. Civ. P.* There is no genuine issue of material fact, thus obviating the need for a trial, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.

3

*Metsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). Said another way, a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party, in this case, the plaintiffs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted); see also *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir. 1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing that there is no genuine issue of material fact, thus warranting judgment in his favor as a matter of law, without the need for a trial. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied his responsibility, the burden shifts to the non-moving party, to produce sufficient evidence showing specific facts that there is, indeed, a genuine issue of material fact warranting the need for a trial. *Id.* "All doubts" as to the existence of a genuine issue of material fact must be resolved against the moving party and in favor of non-movant. *Rolling v. Techsouth, Inc.*, 833 F.2d 1525 (11th Cir. 1987). The non-moving party must make a sufficient showing to establish the existence of an element essential to his case and on which he bears the burden of proof at trial. *Celotex Corp v. Cartrett*, 477 U.S. 317, 322-23 (1986). In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994 (1962); *Adickes v. S. H. Kress & Company*, 398 U.S. 144, 157 (1970); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 595 (5th Cir. Mar. 1981(en banc);[1]

---

[1] ***Bronner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981)(en banc), adopted as binding

*Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992 (internal citations and quotations omitted); *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097 (2000).

## IV.    ARGUMENT

The plaintiff brought this civil action against the defendants because she alleges that she was treated different from other employees of ADOC who engaged in similar conduct. *Plaintiff's Exhibit B.*  To establish a prima facie case of disperate treatment, the plaintiff must show: (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated male employees more favorably; (3) she was qualified to do the job. See, *Maniccia v. Brown*, 171 F. 3d 1364 (11th Cir. 1999) citing *Holified v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1824 (1973).  It is undisputed that the plaintiff is an African-American female; that she was terminated; and that she was qualified to do her job.  Indeed, other than the incident that occurred on February 10, 2005, the plaintiff had no disciplinary problems or job performance problems wit the ADOC. *See, Plaintiff's Exhibit C: Commissioner's letter dated March 4, 2005, terminating the plaintiff's employment.*

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different way." *Jones v. Bessemer Carraway Med. Ctr.,* 137 F.3d 1306, 1311 (11th Cir.) opinion modified by 151 F.3d 1321 (1998) (quoting *Holified v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)). "The most important factors in

---

precedent all decisions of the Fifth Circuit rendered prior to October 1, 1981.

disciplinary context are the nature of the offenses committed and the nature of the punishments imposed." *Id.* The law of the Eleventh Circuit requires that the quantity and quality of the comprator's misconduct be nearly identical to prevent courts from second guessing employers' reasonable decisions and confusing apples with oranges. However, exact correlation is not necessary. *Id.*

The plaintiff contends that she was treated differently from other employees, specifically employees who engaged in similar misconduct but who were not subjected to the harsh disciplinary action of dismissal. The plaintiff contends that she was treated differently from other employees, specifically employees who engaged in similar misconduct but who were not subjected to the harsh disciplinary action of dismissal. (*Hendricks' Depo. p. 21-43; 53-54; 90*). *See also, Defendants' Exhibits 14 and 15 to Hendricks' Deposition, attached hereto as Plaintiff's Exhibits A & B.* Employees such as Lt. Eddie Browning was arrested and charged with sexual harassment resulting in his being transferred from one correctional facility to another; Sgt. John Crow assaulted his wife and was arrested and charged with domestic violence in Montgomery Municipal Court and he was not subjected to any disciplinary action; there was an altercation involving Sgt. William Miller and Correctional Officer Kenneth McMann's wife, and the disciplinary action taken was a transfer; Sgt. Patricia Davis and Correctional Officer Johnnie Dumas had a physical altercation for which the disciplinary action imposed was a transfer; Correctional Officers Johnny Glen and Albert Potterfield were involved in a fight where a knife was used in the receiving unit at Kilby, no termination was taken; Correctional Officers Willie Lawrence, Bernard McClain and Charles Caldwell were charged with domestic violence and they were not subjected to dismissal. (*Hendricks Depo. p. 21-43; 53-54; 90*). *See also, Defendants'*

6

*Exhibits 14 and 15 to Hendricks' Deposition, attached hereto as Plaintiff's Exhibits A & B.*
Plaintiff submits that to the extent that the aforementioned employees of ADOC have engaged in actions that are similar to her, that is assault and other criminal conduct such as deomestic violence, and employees who have injected the use of a weapon in an altercation on the premises of ADOC, and such employees have not been dismissed or otherwise disciplined in different ways, she has established a prima facie case of disperate treatment.  Accordingly, the burden shifting test utilized by the Eleventh Circuit mandates that the defendant articulate a legitimate non-discriminatory reason for their employment action.  *Holifield*, 115 F.3d 1564.The defendants' argument in brief as to why she was terminated is as follows: "To put it bluntly, Hendricks attempted to use a deadly weapon on the grounds of the DOC against one corrections officer in a planned confrontation with another corrections officer.  Warden McDonnell considered it a criminal act with a deadly weapon and had an obligation to protect other employees".  This argument, in as much as it articulates the reason why the plaintiff was terminated, it does not articulate why the plaintiff was subjected to different disciplinary from employees who were involved in similar conduct.  Indeed, there are employees of ADOC who have used "deadly weapon on the grounds of DOC" and who have engaged in "criminal conduct", yet they have not been terminated.  The defendants have not articulated any reason why defendant McDonnell and Commissioner Campbell had "an obligation to protect other employees" from the actions of the plaintiff but no similar obligation with respect to similar conduct by other employees.  Plaintiff submits that as a matter of law, the defendants motion for summary judgment is due to be denied.

**Qualified Immunity**

7

Plaintiffs dispute the defendants' claim of qualified and discretionary function immunity. The Supreme Court of the United States has held "that government officials performing discretionary functions generally are shielded from liability for civil damages, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Eleventh Circuit follows a two-step analysis regarding the issue of qualified immunity. *Rich v. Dollar*, 841 F.2d 1558, 1563, (11th Cir. 1988); *Sims v. Metropolitan Dade County*, 972 F.2d 1230, 1236 (11th Cir. 1992). The first inquiry is, whether the governmental official was exercising a discretionary function and the second is whether the right alleged to have been violated was clearly established by law at the time of the official's conduct. *Id.* Plaintiffs submit that the right alleged herein to have been violated was clearly established at the time of the defendants' conduct. The controlling case law is *Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1311 (11th Cir.) opinion modified by 151 F.3d 1321 (1998) (quoting *Holified v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)); *Maniccia v. Brown*, 171 F. 3d 1364 (11th Cir. 1999). As to whether defendants McDonnell and Comissioner Campbell were acting within their discretionary function, plaintiff concedes that it cannot be seriously contended that they were not engaged in a discretionary function. However, to the extent that the law was clearly established on February 10, 2005, it is incumbent upon them to comply with the law in meting out discipline with uniformity. The Equal Protection Clause of the Fourteenth Amendment, as enforced by Title 42 U.S.C. Section 1983, states that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

8

## CONCLUSION

Having reviewed all the evidence, in light of the applicable law, the plaintiff submits that the defendants' motion for summary judgment is due to be denied.

Respectfully submitted,

Amardo Wesley Pitters, Esquire
**Counsel for the Plaintiff**
**Alabama State Bar: 8998-T64A**

**OF COUNSEL:**

*A. WESLEY PITTERS, P.C.*
**1145 South Perry Street**
**Post Office Box 1973**
**Montgomery, Alabama 36102**
**Telephone: (334) 265-3333**
**Telecopier: (334) 265-3411**
**Email: awpitters@pitterslawfirm.com**

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ 30 _____ day of June, 2006, a copy of the foregoing was duly served upon the following:

**Hon. Kim T. Thomas**
**Hon. Greg Biggs**
**Alabama Department of Corrections**
**Post Office Box 301501**
**301 South Ripley Street**
**Montgomery, Alabama 36130**

by United States Mail.

Amardo Wesley Pitters, Esquire